## Commonwealth v. Shull

*Christopher F. Gorbey,* for the Commonwealth.
*Harry J. Bradley,* for defendant.

DIGGINS, *SR.J.,* August 18, 1982—This matter is before the court on appeal from a summary conviction of William E. Shull (hereinafter defendant) for the violation of Section 4943(c) of the Pennsylvania Vehicle Code, 75 Pa.C.S.A. §4843(c). The parties stipulate that on February 16, 1982, defendant was issued a citation by Officer Greenwalt of the Chester Police Department for a violation of weight restrictions. The record indicates that defendant's vehicle weighed in at 36,550 pounds, while the Federal Weight Certification label affixed to the truck indicated that the Manufacturer's Gross Vehicle Weight Rating for the vehicle was only 24,000 pounds. Prior to the date of citation, the truck was reconstructed to add a second rear axle, increasing the number of wheels from six to ten. The Maryland Department of Transportation had issued to defendant a Certificate of Title for the vehicle indicating that the vehicle's gross weight had been increased to 45,000 pounds. At the time of the citation, defendant had in his possession a current Registration Certificate, issued by the Maryland Department of Transportation, which also indicated a gross vehicle weight of 45,000 pounds.

Pennsylvania and Maryland each have statutory provisions and code regulations governing the re-registration of vehicles which have been reconstructed to change the weight bearing capacity subsequent to manufacture. There is no evidence that defendant has not complied with the registration requirements set forth in An. Code 1977, TR §§ 13-104 and 13-104.2 relating to reconstructed vehicles. Section 1106(c) of the Pennsylvania Vehicle Code, 75 Pa.C.S.A. § 1106(c), provides that the Certificate of Title is prima facie evidence of the facts contained thereon, and the Maryland Vehicle Code likewise provides that a Certificate of Title issued by the Administration is prima facie evidence of the facts appearing on it. An. Code 1977, TR § 13-107(c). Because defendant presented a Certificate of Title and a registration certificate, each of which had been issued by the Transportation Administration of Maryland, indicating that the vehicle's gross weight was 45,000 pounds, and because 75 Pa.C.S.A. §§ 1102(4) and 1303 exempt a vehicle owned by a nonresident of this Commonwealth from the Pennsylvania registration and Certificate of Title requirements, comity requires that, absent a showing that defendant has not complied with the Maryland registration requirements for reconstructed vehicles, defendant must be found innocent of violating Section 4943(c) of the Pennsylvania Vehicle Code.

Therefore we enter the following

## ORDER

And now, August 17, 1982 having heard testimony and reviewed the briefs of the respective counsels, defendant's appeal from summary conviction is hereby sustained.